WILLIAM MARSHALL *vs.* T. T. McPHERSON.—*Dec.* 1836.

Under the provisions of different acts of assembly, some of them passed more than a century ago, and when tobacco passed as currently as money, *assumpsit* will lie in this state, as well for tobacco, (where the contract is for payment in tobacco,) as for current money, and in some such cases, judgments have been rendered for tobacco.

A widow having a right of dower in the lands of her deceased husband, may,

instead of suing for, or receiving an assignment of her dower, by arrangement with the heir at law, or devisee, suffer him to rent out the lands, with the understanding, that she, in lieu of her dower, is to receive her proportion, or one-third of the annual rent. In which case, if the heir at law, or devisee rents out the lands, and receives the rents, and keeps from the widow her just proportion, she may recover in *assumpsit*. And if she marry again, her husband having an interest in the land, by virtue of his wife's right of dower, may in lieu of an assignment of dower make a like arrangement and recover his just proportion of the rents received to his use, in the life-time of his wife, in an action of *assumpsit*, brought either before or after her death.

Upon the evidence in this case, it was competent for the jury to have found such an arrangement.

APPEAL from *Charles* county court.

On the 28th January, 1833, *William Marshall* commenced an action of *assumpsit* against *Thomas T. McPherson*, and declared for $500, and 10,000lbs of tobacco, due for the use and occupation of a certain plantation of the plaintiff, &c.; for sundry matters properly chargeable in accounts; for money and tobacco had and received by the defendant for the plaintiff's use, and also upon an *insimul compatasset*, in which the defendant became indebted for money and tobacco. The account filed with the *nar* was for money and tobacco rent, including interest upon the different items. The defendant pleaded *non assumpsit* and limitations, on which issues were joined.

At the trial, the plaintiff gave in evidence, that at the request of the plaintiff, the witness called on the defendant to settle their accounts. The defendant said, he had rented out two parcels of land, in which the plaintiff had an interest; that one parcel, the larger, rented for 2,500lbs. tobacco per year; and the smaller parcel, for twenty-two dollars per year; that he had collected a part of the rents, and a part he had not; that this was in July, 1830, during harvest, that he the defendant said he would come up as soon as he finished his harvest, and settle with the plaintiff. It further appeared, that the plaintiff, in the year 1823 or 1824, intermarried with the widow of a certain *William Benson*, who had a fee simple estate in the lands in question, and that the defendant married

the sister of the said *William Benson*, who was the heir at law to said *William Benson* after the death of his infant child, who died in the year 1824. The plaintiff's claim was for the rents and issues of the lands, for the years from 1825 to 1830, by virtue of his intermarriage with the widow of *Benson*, and for her dower interest, his wife having died in the latter part of the year 1830. It was also proved, after the conversation of the witness with the defendant, that a certain *Thomas M. Garner*, during that period, was the tenant of the larger parcel of land, at 2,500lbs. of tobacco per year, and that he continued to occupy the same land as tenant to the defendant, up to the time of the death of said tenant, which happened in *February*, 1834; and after his death, the defendant sold under distress, the crop of tobacco left by said tenant in the house, and witness purchased the tobacco, and paid over the proceeds to the defendant, it being fifteen dollars; the same witness further proved, that said defendant sold no more property of the tenant, and the tenant left on the premises other property. Such as cattle and other stock.

The defendant prayed the court to instruct the jury, that upon the preceding evidence, the plaintiff was not entitled to recover, upon the ground, that if the plaintiff had any claim in and for the dower interest of his wife, he could not support this action at law, to recover the same. Which instruction and opinion the court (*Key* and *Dorsey, A. J.*) gave, and directed the jury to give their verdict for the defendant. The plaintiff excepted, and brought the present appeal, the verdict and judgment being against him.

The cause was argued before BUCHANAN, Ch. J. and DORSEY, ARCHER, and SPENCE, Judges.

J. M. CAUSIN, for the appellant, contended:

1. That the direction of the county court related to a question not embraced by the issues in the cause, and to only one of the counts in the declaration.

2. That the evidence sufficiently disclosed the relation of

tenant and landlord, between the plaintiff and defendant, to support the count for use and occupation.    2 *Saund. Pl. and Ev.* 489.

3. That although an action at law, may not lie for rents and profits accruing to the plaintiff on account of the dower interest of his wife, without an express promise to pay, yet the evidence disclosed a sufficient acknowledgment of indebtedness by the defendant to the plaintiff, to form the basis of an action of *assumpsit.*

4. That the acknowledgment by the defendant, that he had received money, to a share of which the plaintiff was entitled, is sufficient to sustain the count for money had and received, although the plaintiff's right accrued in virtue of the dower interest of his wife, and the plaintiff below ought to have recovered on that count.    2 *Term Rep.* 153.    1 *Chitty Pl.* 305.    2 *Bur. Rep.* 1008, 1010.    2 *Bro. Ch. R.* 620.

ALEXANDER for the appellee contended :

1. That there was no evidence of any claim of the appellant against the appellee, except for a portion of rents and profits, of which his deceased wife was entitled to dower, as the widow of a former owner, under whom the appellee claimed.

2. That as representative of a dowress, this action cannot be maintained by the appellant, for a share of the rents and profits.

3. The action for use and occupation cannot be maintained without proof of actual use and occupation, or express contract.    2 *Saund. Pl. and Ev.* 490.    And as in this case there is no contract, or use and occupation proved, the action must fail ; there can be no recovery for another reason, which is, that there has been no assignment of dower, without which there can be no recovery.    11 *Law Lib.* 152.

Her title till assignment is for one-third of the whole, and not one-third in severalty which she seeks to recover. There is no case where a widow has sued at law for rents and profits before assignment.

If the action for use and occupation may be brought, then it would survive against the representative of the defendant.

Damages cannot be recovered after the death of the dowress. *Steiger vs. Hillen,* 5 *Gill and John.* 132.

BUCHANAN, C. J. delivered the opinion of the court.

The counts in the declaration are for money and tobacco, for the use and occupation of a plantation; for money and tobacco, for sundry matters and things properly chargeable in accounts; for money and tobacco had and received, and on an *insimul compatassent.* The pleas are *non assumpsit, non assumpsit* within three years, &c. and *actio non accrevit infra tres annos, &c.* And the evidence at the trial was, that at the instance of the plaintiff, the witness called on the defendant during harvest, in the month of July, 1830, to settle their accounts; that the defendant said, he had rented out two parcels of land, in which the plaintiff was interested, one at the yearly rent of 2,500lbs. of tobacco, and the other for thirty dollars a year; that he had collected a part of the rents, and a part he had not collected; and that as soon as he had finished his harvest, he would go up and settle with the plaintiff. That in the year 1823 or 1824, the plaintiff married the widow of a man, who had a fee simple estate in the lands in question, and that the defendant married the sister and heir at law of the man whose widow the plaintiff had married. That the wife of the plaintiff died in the latter end of the year 1830, and that his claim was for the rent and issues of the lands, from 1825 to 1830 inclusive, on account of the dower interest of his wife, and by virtue of his intermarriage. That in the year 1834, the defendant sold under a distress for rent, for the sum of fifteen dollars, a parcel of tobacco, the property of the tenant, who, for the whole period, from 1825 inclusive, had occupied the larger parcel of land at the yearly rent of 2,500lbs. of tobacco, leaving other property of the tenant on the premises unsold, such as cattle and other stock.

The suit was instituted on the 28th of January, 1833, after the death of the plaintiff's wife, and within three years after

43     v.8

the admission and promise by the defendant to settle with the plaintiff as stated in the evidence.

Under these pleadings, and upon this evidence, the bar of the act of limitations being removed, the counsel for the defendant prayed the court to instruct the jury, that the plaintiff was not entitled to recover, upon the ground, that if the plaintiff had any claim in and for the dower interest of his wife, he could not support this action at law to recover the same; which instruction the court gave, and directed the jury to give their verdict for the defendant; and the case has come up by appeal on a bill of exception, taken by the plaintiff to that instruction and direction.

The question presented by this record is, not merely whether an action at law can be sustained by the husband of a deceased wife, for use and occupation, rents and profits, or damages in dower, by virtue of a claim of dower right in the lands of her former husband, where there has been no assignment of dower; but, whether upon the whole case, as made by the pleadings, and evidence in the cause, the court did right in directing the jury to give a verdict for the defendant. It is true, that the declaration has a count for use and occupation, with no proof of any assignment of dower; and that the evidence is not of an actual tenancy, or actual occupation of the lands by the defendant; but that he rented them out to others.   It also appears from the statement of the evidence, that the plaintiff's claim to an interest in the lands was on account of his wife's right of dower.

But to place his right to recover upon that count alone, and upon that portion of the evidence, would be to look to one side, or a part of the case.

There is in the declaration a count for tobacco, and money had and received.   Under the provisions of different acts of assembly, some of them passed more than a century ago, and when tobacco passed as currently as money.   *Assumpsit* will lie in this *state*, as well for tobacco, (where the contract is for payment in tobacco,) as for current money, and in some such cases judgments have been rendered for tobacco.   But in

*Lyles vs. Lyles,* 6 *Har. and Johns.* 273, upon a count in *assumpsit* for tobacco, the jury found for the plaintiff, and under the instruction of the court, assessed his damages in money, to the amount of the value of the tobacco at the time it should have been delivered, and the judgment entered upon that verdict for the plaintiff was affirmed by this court. Here there is a count in *assumpsit* for money and tobacco had and received. A widow having a right of dower in the lands of her deceased husband, may, instead of suing for, or receiving an assignment of her dower, by arrangement with the heir at law, or devisee, suffer him to rent out the lands, with the understanding, that she in lieu of her dower, is to receive her proportion, or one-third of the annual rent. In which case, if the heir at law, or devisee rents out the lands and receives the rents, and withholds from the widow her just proportion, she may recover in *assumpsit,* and if she marries again, her husband having an interest in the land by virtue of his wife's right of dower, may in lieu of an assignment of dower, make a like arrangement, and recover his just proportion of the rents received to his use, in the life-time of his wife, in an action of *assumpsit,* brought either before or after her death. Whether any such arrangement had been made between the plaintiff and defendant in this case, was a question for the jury, on the evidence, from which it appears, that the defendant admitted he had rented out two parcels of land, in which the plaintiff had an interest, stating the amount of the annual rent in money and tobacco, a part of which he had received, and that he would call and settle with him. It also appears, that the plaintiff's interest in the lands was the dower right of his wife. We do not say that this is sufficient proof of such an arrangement, or understanding between this plaintiff and defendant, but think it was relevant testimony, under the count for money and tobacco had and received, (and not exclusively applicable to the count for use and occupation,) from which the jury should have been suffered to draw any inference that they might have believed it warranted; and that the court erred in directing them to find a verdict for

the defendant, looking exclusively to the count for use and occupation, and treating the case as a suit by the plaintiff, for rents and profits, or damages in dower in right of his deceased wife; instead of submitting it to them, as a claim for tobacco and money, received to the use of the plaintiff, under some arrangement with the defendant, on that count in the declaration, upon the proofs of the admission by the defendant, that he had rented out two parcels of land, in which the plaintiff had an interest, and received a part of the rent, and that he would call and settle with him. How far the jury, if not prevented by the instruction of the court, might have felt themselves warranted in inferring an arrangement or understanding between the plaintiff and defendant in relation to renting the lands, entitling the plaintiff to a proportion of the rents received by the defendant, corresponding with his interest in his wife's right of dower, was a question for their decision upon the whole of the testimony; and should not we think have been taken from them by an unqualified direction to find for the defendant.

The judgment will be reversed with *procedendo*.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.